UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LORENZ,<br><br>          Plaintiff,<br><br>     v.<br><br>MOVEY, et al.,<br><br>          Defendants. | Case No.: 1:23-cv-01243-KES-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR A FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

Plaintiff Patrick Lorenz is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On May 29, 2024, this Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (*See* Doc. 24.) The parties were ordered to file "the attached notice, indicating their agreement to proceed to an early settlement conference or their belief that settlement is not achievable at this time" within 45 days of the date of the order. (*Id*. at 2.) The notice form was provided to the parties for their use. (*Id*. at 3-4.)

On July 9, 2024, Defendants timely filed a notice that an early settlement conference would be productive and set forth their willingness to engage in an early settlement conference in this matter. (Doc. 26.) Plaintiff has failed to file a timely notice.

## II. DISCUSSION

The Local Rules,[1] corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

More than 45 days have passed following issuance of the Court's May 29, 2024, order referring this matter for an early settlement conference. Plaintiff has failed to file the required notice, indicating whether he wishes to participate in an early settlement conference, as ordered by the Court. Nor has Plaintiff sought an extension of time within which to file the notice.

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of May 29, 2024. Alternatively, within that same time, Plaintiff may file the notice provided with the Court's May 29, 2024, order, indicating his agreement to participating in an early settlement conference *or* his belief that settlement is not achievable at this time.

---

[1] In this Court's August 22, 2023, order, Plaintiff was advised "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules") …. Failure to so comply with be grounds for imposition of sanctions which may include dismissal of the case." (*See* Doc. 2 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) The same order states "all Court deadlines are strictly enforced. Requests for extensions of time must be filed before the deadline expires and must state good reason for the request." (*Id.* at 5.)

**WARNING: Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 16, 2024**            /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE