UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LORENZ,<br><br>           Plaintiff,<br><br>    v.<br><br>MOVEY, et al.,<br><br>           Defendants. | Case No.: 1:23-cv-01243-KES-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR DEFENDANTS' FAILURE TO OBEY COURT ORDERS** |

Plaintiff Patrick Lorenz is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    PROCEDURAL BACKGROUND**

On May 29, 2024, this Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (*See* Doc. 24.) The parties were ordered to file notice indicating their agreement to proceed to an early settlement conference or their belief that settlement is not productive within 45 days of the date of the order. (*Id*. at 2.)

On July 9, 2024, Defendants timely filed their notice, indicating the belief an early settlement conference would be productive and a willingness to engage in an early settlement conference in this matter. (Doc. 26.)

When Plaintiff failed to file a timely notice, the Court issued its Order to Show Cause (OSC) on July 17, 2024, directing Plaintiff to respond in writing why the action should not be

1  dismissed for his failure to obey Court orders. (Doc. 27.) On August 5, 2024, Plaintiff responded
2  to the OSC and filed his notice regarding an early settlement conference, indicating his
3  willingness to participate. (Docs. 28 & 29.)
4      On August 7, 2024, the Court issued its Order Discharging Order to Show Cause. (Doc.
5  30.) That same order directed defense counsel to contact the Court to schedule a settlement
6  conference. (*Id*. at 2.)

## II. DISCUSSION

8      The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
9  "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
10 be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule
11 or within the inherent power of the Court." Local Rule 110.
12     In its order referring this matter for early ADR proceedings, the Court directed defense
13 counsel to contact Courtroom Deputy Wendy Kusamura within 60 days of the date of the order
14 "assuming the parties agree to proceed to an early settlement conference." (*See* Doc. 24 at 2.) A
15 delay then ensued due to Plaintiff's failure to file a timely notice indicating whether he wished to
16 participate in an early settlement conference. (*See* Doc. 27.) Despite the delay, following receipt
17 of Plaintiff's notice indicating his willingness to participate, the Court's August 7, 2024, order
18 provided as follows: "Counsel for Defendants **SHALL** contact Courtroom Deputy Wendy
19 Kusamura at wkusamura@caed.uscourts.gov to schedule a settlement conference **within seven**
20 **(7) days** of the date of this order." (*Id*. at 2, emphasis in original.)
21     Although more than seven days have passed, defense counsel has not yet contacted Ms.
22 Kusamura to arrange for a settlement conference in this matter.
23 //
24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION AND ORDER

Accordingly, Court **ORDERS** Defendants to show cause in writing, **within 7 days** of the date of service of this order, why sanctions should not be imposed for their failure to comply with the Local Rules and this Court's August 7, 2024, order. Alternatively, within that same time, Defendants may contact Ms. Kusamura to schedule a settlement conference in this action.

IT IS SO ORDERED.

Dated:   **August 21, 2024**                           /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE

3